# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | 2: 09-cr-0325-03 |
| v. | ) | 2: 12-cv-1008 |
| | ) | |
| **CAMERON MELE** | ) | |

## MEMORANDUM ORDER

Presently before the Court is the MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE filed by counsel for Cameron Mele (Document No. 908). Because the sole issue raised involves the "intent" of the Court, a response from the government is not necessary. For the reasons that follow, the motion will be denied.

On March 30, 2010, a federal grand jury in the Western District of Pennsylvania returned a nine-count Superseding Indictment in which Defendant Cameron Mele, and fifteen (15) other co-defendants were charged in Count I with Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine, having occurred from in or around January 2009 to on or about November 2009, in violation of 21 U.S.C. § 846.

On April 5, 2011, Defendant Mele, with counsel, appeared before the Court, and entered a plea of guilty to a lesser included offense at Count 1 of the Superseding Indictment, *to wit*: conspiracy to distribute and possess with intent to distribute at least 300 grams but less than 400 grams of cocaine in violation of 21 U.S.C. § 846.

On June 21, 2011, the Probation Office prepared a Presentence Investigation Report in which it reported that on February 13, 2009, Defendant pled guilty to an Information filed in this Court at No. 08-cr-0431, which charged him with Attempt to Possess With Intent to Distribute 500 Grams or More of Cocaine, on or about June 20, 2007, in violation of 21 U.S.C. § 846.

On August 3, 2009, Defendant was sentenced by the Honorable Arthur J. Schwab to a term of imprisonment of 37 months to be followed by 4 years supervised release. The Probation Office further reported that because Defendant was subject to an undischarged term of imprisonment at Case No. 08-cr-0431, pursuant to U.S.S.G. § 5G1.3(c), the sentence for the offense in this case at Case No. 09-cr-0325, may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment at 08-cr-0431.

On July 21, 2012, Defendant was sentenced by this member of the Court to a term of imprisonment of "fifty-five (55) months. This term consists of forty-nine (49) months at Count 1s to be served **concurrently** to the undischarged term of imprisonment at Docket No. CR 08-431, to be followed by six (6) months pursuant to 18 U.S.C. § 3147, to be served **consecutively** for a total of fifty-five (55) months." (underline added). The Court also included in the Judgment of Conviction the following statement: "Defendant shall be given credit for all time served in federal custody for the charges and writ issued in this case."[1]

Defendant "submits that the clear intent of the court's sentence is that he should receive credit for the time he served on the writ in this case on January 11, 2010 and said time should be concurrent with the sentence he was serving at Docket No. 08-431." Mot. at ¶ 5.

Unfortunately the Defendant is erroneously misguided as to his understanding of the Court's intention. The Court clearly intended that the forty-nine month term of imprisonment be

---

[1] As stated previously, Defendant was indicted in this case after he had been sentenced by Judge Schwab on August 9, 2009, on an unrelated criminal Information filed at Docket No. 08-cr-431. At the time Defendant was indicted on the instant charges, he was serving his federal sentence at FCI Cumberland, Maryland. On or about January 10, 2010, Defendant was brought into this district for his initial appearance by way of a Writ of Habeas Corpus ad Prosequendum. Defendant remained under that writ and was housed at Northeast Ohio Correctional Center until he was sentenced by this member of the Court on July 21, 2012. It appears that Defendant has received credit for the time served at NEOCC on his sentence imposed by Judge Schwab at No. 08-cr-431. He cannot receive retroactive double credit on this Court's sentence at No. 09-cr-0325.

served concurrently with the <u>undischarged term of imprisonment</u> at Docket No. 08-cr-0431, and the Court notes that it does not appear that Defendant is challenging the Bureau of Prisons' calculation in that regard.[2]

However, Defendant is mistaken in his belief that "the clear intent of the Court" was that Defendant should receive credit for the time he served on the writ, especially while there were other impediments to his freedom, *i.e.,* the sentence which he was then serving at No. 08-cr-0431. The Court's intent, however, was that from and after the date Defendant was sentenced at No. 09-cr-0325 said sentence was to run concurrently with the remainder of the sentence imposed at No. 08-cr-0431. To the extent that Defendant is entitled to credit for time served at NEOCC while on the Writ at No 09-cr-0325, same should be granted. The Court is well aware that 18 U.S.C. § 3585(b) does not authorize a district court to compute the time of credit after a defendant has begun to serve his sentence. Rather, that responsibility falls solely upon the Attorney General, through the Bureau of Prisons.

Further, the statute clearly provides that a defendant may receive credit only for detention time "that has not been credited against another sentence." The eighteen months that Defendant was incarcerated at Northeast Ohio Correctional Center ("NEOCC") was apparently credited toward his undischarged term of imprisonment imposed at Criminal No. 08-cr-0431. Therefore, the Court finds that the Bureau of Prisons is correct in its conclusion that the time Defendant served while on the writ cannot be concurrent with the sentence he was then serving at 08-cr-0431.

---

[2] The Court notes that the exclusive remedy for challenging the Bureau of Prisons' calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, which must be directed to United States District Court in which the petitioner is presently incarcerated, and must name the warden of that federal facility as a respondent.

Finally, Defendant was facing an advisory guideline range of imprisonment of 51 to 63 months. The Court found that a sentence in the mid-level guideline range of 55 months was sufficient, but not greater than necessary, to conform with the statutory requirements and the sentencing guidelines recommendation, and to avoid unwarranted sentencing disparities among similarly situated defendants. It was never the intent of the Court to impose a sentence upon Defendant which was <u>below</u> the advisory guideline range. *See* Paragraph 8 of Motion ("To accomplish the intent of the court's sentence, the court should have granted a downward departure of the time served from January 11, 2010 pursuant to 5G1.3 of the USSG and sentenced the defendant to a term of imprisonment of thirty-seven (37) months with thirty-one (31) months to be served concurrently with the sentence at Docket No. 08-431 with six (6) months to be consecutive to that sentence pursuant to 18 USC 3147.")

For the above-referenced reasons, the instant Motion to Vacate, Set Aside, or Correct A Sentence is **DENIED.**

So **ORDERED** this 1st day of August, 2012.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Gary B. Zimmerman, Esquire
Email: garybzim@aol.com

Craig W. Haller,
Assistant U.S. Attorney
Email: craig.haller@usdoj.gov